UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MED ASIA SHIPPING LTD.,                    08 Civ.

                Plaintiff,                 VERIFIED COMPLAINT

        -against-

COSCO TIANJIN FORWARDING
AGENCY CO., LTD.,

                Defendant.
------------------------------------X

        Plaintiff, MED ASIA SHIPPING LTD. ("MAS"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant, COSCO TIANJIN FORWARDING AGENCY CO., LTD. ("CTFA"), alleges, upon information and belief, as follows:

        1.      This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

        2.      Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

        3.      Defendant CTFA is a business entity organized and existing pursuant to the laws of a foreign country.

        4.      On or about April 23, 2007, plaintiff, as time chartered owner of the M/V MONTREAUX, and CTFA, as voyage charterer, entered into a fixture agreement for the carriage of a part cargo of 8,000 metric tons, 3% more or less, of deformed steel bars from Xingang, China to Tartous, Syria.

        5.      The said fixture incorporated the 1994 Gencon form,

Clause 10 thereof provided, inter alia, that the "Charterers shall indemnify the Owners against all consequences or liabilities that may arise from the signing of bills of lading as presented to the extent the terms or contents of such bills of lading impose or result in the imposition of more onerous liabilities upon the Owners than those assumed under this Charter Party."

6. All statements in any bills of lading presented by CFTA for signature by or on behalf of MAS were required to be accurate.

7. CFTA was required under the charter to indemnify MAS for loss or damage suffered as a result of any inaccurate statements, including, inter alia, statements concerning the weight of the cargo shipped, in any such bills of lading as aforesaid

8. Plaintiff complied with each and every requirement imposed by the agreement between the parties.

9. However, in breach of the fixture, CFTA did not ship 8,000 metric tons, 3% more or less, of the subject cargo, and rather shipped substantially less weight, in the region of 7,574.62 metric tons.

10. Moreover, CFTA and/or its agents and/or servants presented to plaintiff for signature under the charter a bill of lading which inaccurately and/or falsely and/or fraudulently stated that cargo with a gross weight of 7,996.584 metric tons had been shipped, and CFTA obtained the signature of plaintiff or plaintiff's agent to the said bill of lading, accordingly.

2

agreement.

11. CFTA wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject charter agreement.

12. As a result of CFTA's breach of the subject charter agreement, plaintiff has incurred, and will continue to incur, costs and expenses for which CFTA is liable under the terms of the charter agreement and at law.

13. By reason of CFTA's breaches of the charter as aforesaid, the cargo's receivers and/or consignees, relying on the inaccurate and/or false and/or fraudulent weight of the shipped goods as stated in the bill of lading, brought claim in the amount of $267,698.00 for the short delivery of 421.964 metric tons of the said cargo and caused the vessel to be arrested at the port of discharge.

14. By reason of CFTA's breaches of the charter as aforesaid, additional hire accrued in the amount of $338,949.88, which claim plaintiff settled with the registered owners of the vessel for a value equivalent to $302,575.44.

15. Plaintiff has placed CFTA on notice of plaintiff's claim that CFTA has breached the subject charter agreement.

16. Despite Plaintiff's repeated demands, CFTA has failed to pay the amounts due and owing to Plaintiff under the charter agreement and at law.

17. Pursuant to the charter agreement, disputes are to be settled by Hong Kong arbitration under English law, and plaintiff has commenced or will shortly commence arbitration against CFTA, accordingly.

18. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

19. As best as can now be estimated, plaintiff expects to recover by way of arbitral award the following amounts, exclusive of interest, a result of CFTA's breach of the charter agreement:

| | |
|---|---|
| Principal Claim | $302,575.44 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $350,000.00 |
| Total | $652,575.44 |

20. Plaintiff notes that the above claim figures constitute estimates derived from the information currently available and reserves the right to amend or adjust same in the event that newly discovered facts demand such amendment.

21. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

22. All conditions precedent required of Plaintiff in the aforesaid charter agreement have been performed.

23. Defendant COSCO TIANJIN FORWARDING AGENCY CO. LTD. cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain

Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., Lebanese Canadian Bank, American Express Bank Ltd., Habib Bank Ltd., Bank of Beirut, and/or DBS Bank Ltd, which are believed to be due and owing to Plaintiff.

24.  For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid

Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A.  That process in due form of law issue against Defendant COSCO TIANJIN FORWARDING AGENCY CO., LTD., citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., Lebanese Canadian Bank, American Express Bank Ltd., Habib Bank Ltd., Bank of Beirut, DBS Bank Ltd., and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $652,575.44 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C.  That the Court retain jurisdiction over this

matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

D. For such other and further relief as this Honorable Court may deem just and proper.

Dated:  New York, New York
        January 11, 2008

Respectfully submitted,

MAHONEY & KEANE, LLP
Attorneys for Plaintiff
MED ASIA SHIPPING LTD.

By: _____
Garth S. Wolfson (GW 7700)
111 Broadway, Tenth Floor
New York, New York 10006
(212) 385-1422

ATTORNEY VERIFICATION

STATE OF NEW YORK       :
                        : SS.:
COUNTY OF NEW YORK      :

1. My name is GARTH S. WOLFSON.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, MED ASIA SHIPPING LTD., in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:    New York, New York
          January 11, 2008

_____
Garth S. Wolfson (GW 7700)

Sworn before me on 1/11/2008

JORGE RODRIGUEZ
NOTARY PUBLIC
State of New York No. 02RO6126023
Qualified in New York County
Term Expires 06/06/2009